[Civ. No. 5048.  Second Appellate District, Division Two.—December 8, 1927.]

ROBERT H. DOW, Appellant, v. BANK OF ITALY, as Executor, etc., Respondent.

Guy E. Maurice and Charles L. Evans for Appellant.

Walter E. Burke for Respondent.

STEPHENS, J., *pro tem.*—Plaintiff, the appellant herein, brought this suit in the superior court against the defendant, the respondent herein, as executor of the estate of Elizabeth Scott, deceased, to recover on two claims for services alleged to have been performed for the deceased by himself and his wife, Sophia A. Dow. The trial was before the court sitting without a jury, and the findings are that all of the allegations of the complaint, referring specifically to the basis of the claims, are untrue. There is little if any conflict in the evidence, the contest before the trial court and here being on points of pleading and the construction of oral testimony.

One of the claims is for services rendered deceased at her request by plaintiff and his wife for "household work, sewing, nursing and general care continuously from June 26, 1920, to August 26, 1922," the alleged reasonable value thereof being $3,920; and another is for "board furnished and cooking from June 26, 1920, to August 26, 1922," by plaintiff and his wife at the request of and to the deceased, the alleged reasonable value thereof being $1,300. There is no contention but that the services were rendered and were worth the sums claimed. Defendant, however, denies any liability, upon the ground that the services were included in an agreement upon which full payment has been made.

Mrs. Dow had lived in the house of deceased and her husband, Charles Scott, in Indiana, ten years before her marriage. In March, 1920, she was living in California and at Scott's request and expense she returned to the Scotts' home, finding Mr. Scott quite ill. Scott said to Mrs. Dow, quoting from the transcript, page 36: "Well, he said to me, he said he had had a talk with the doctor, and the doctor said he positively could not get well; and he said, 'Sis is blind and not able to do a thing'—that was his wife—'and for your coming here and taking care of me—I don't know how long that will be—and taking care of her—I want you to take her out there to California and she will buy a home and an automobile; and for coming back here and taking care of us, and that you take care of her and keep her nice and clean, you will be well paid for your care.'" Scott lived but a short time, and Mrs. Dow and Mrs. Scott came to Los Angeles. An automobile was purchased by Mrs. Scott for the use of the Dows and herself, and a home was purchased for $7,000, being taken under a joint tenancy in the names of Mr. and Mrs. Dow and Mrs. Scott. Five thousand dollars of this sum was paid directly from Mrs. Scott's funds and the other $2,000 was paid by plaintiff, which sum was derived from money Scott had furnished Dow. After Mrs. Scott's death her joint tenancy was terminated and the title to the property was held by Mr. and Mrs. Dow.

Several witnesses testified to conversations with Mrs. Scott in the Los Angeles home, in which she confirmed in general the conversation above related and repeated that they, the

Dows, would be well paid for what they were doing for her. At the conclusion of the testimony the court, responding to an offer by one of counsel to furnish authorities, remarked: ''No, I don't care for the authority, because I don't think the plaintiff has made out a case. The record shows that according to the testimony of plaintiff's witnesses she came out here for the purpose of fulfilling the wishes of her deceased husband; and I am convinced that the testimony of those witnesses, particularly the testimony of Mrs. Daly, that she was to have the home and the automobile in consideration of taking care of the husband during his lifetime, during his illness there, and during the illness of the deceased here.'' It needs but a statement of the case to see that the court was within its discretion in arriving at its conclusion.

█ Plaintiff contends that a fatal variance exists between the proof and the issues as raised by the pleadings, and that stipulations arrived at during the trial defined the issues differently from those found upon by the trial court. We have carefully examined these contentions and find that the issue fairly tried was whether or not the claims presented were valid unpaid indebtedness due from the estate to plaintiff, and that the conclusions of the court as quoted herein were based upon testimony within the issues. The findings more formally speak only the conclusion of the court. ''No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. . . . '' (Code Civ. Proc., sec. 469.)

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1928.

All the Justices concurred.